**No. 57667.**—Manufacturers' Marketing Company *v.* United States, petition 6929–R (Norfolk).

FORD, Judge: The petition listed above was filed under the provisions of section 489 of the Tariff Act of 1930 and prays for the remission of additional duties incurred by reason of undervaluation on entry of importations of household heating stoves from Canada.

It appears from the evidence submitted at the trial that the Canadian manufacturer had at different times two price lists to wholesalers in Canada, and there was also a third category of selling prices to retailers, at or about the dates of importation of the involved merchandise. Prior to filing the two entries here involved, petitioner submitted so-called submission sheets to the appraiser

seeking information as to the correct value at which to enter the merchandise. As to entry No. 319, the merchandise was invoiced at $32.50. On entry, the importer added $17.13 to make dutiable value of $49.63 per unit. An item of 2.96 percent, or $1.47 per unit, representing the Canadian sales tax, was entered under duress, making a total entered value of $51.10, and was appraised at approximately $59 per unit. The facts regarding entry No. 336 were approximately the same as those surrounding entry No. 319.

The importer, prior to entry, endeavored to ascertain from the Canadian manufacturer the correct value at which to enter the involved merchandise, and these efforts were continued even after the entries were filed. After appraisement, appeals for reappraisement were filed, but were subsequently abandoned when information as to the market value could not be ascertained.

Mr. Meade G. Stone, a partner of the customs broker who made these entries, testified that in entering this merchandise he had no intention to defraud the revenue of the United States or to deceive the appraiser as to the value of the merchandise.

Q. Did you give the appraiser at all times all of the information which you had or could get concerning these shipments?—A. One hundred percent, we did.

The above evidence was adduced at a hearing held at Norfolk, Va., and the case was then transferred to Chicago, Ill., for further testimony. At a subsequent hearing at Chicago, Mr. Fred M. Kress, the manager of the operations of petitioner herein, testified that he was familiar with the facts relating to the invoicing, entering, and appraisement of the merchandise in this case; that he remembered the facts to which he testified in the case of *Manufacturers Marketing Company* v. *United States*, petition 6838–R, reported as Abstract 56867; and that:

The only difference as far as I can see in the importing of these stoves to Chicago and to Norfolk was to expedite the shipment. We asked our agent here in Chicago, American Express, how it could best be handled and they recommended, I think it was W. M. Stone & Company in Norfolk as being a reliable broker. As I recall, the only difference was that the cars that were shipped to Norfolk would come through a different port of Chicago and everything would be identical as far as handling and as far as we were concerned.

This witness testified further that the price or value at which this merchandise was entered was what had been established as the so-called freely offered price in Canada to wholesalers; that this price was $17.13 higher than the price actually paid for the stoves. The witness also testified that in causing the merchandise to be entered as it was, he believed the values to be the correct dutiable values, and that he had no intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The statements by the two witnesses as to the good faith of the importer in entering its merchandise at values less than those found upon final appraisement are fully supported by the record.

As was stated in the opinion in Abstract 56867:

It appears from the record that throughout the course of the entire matter the petitioner and its customs broker cooperated with the customs officers and that the ultimate undervaluation on entry was the result of a difference of opinion between the importer and the customs officers as to the facts and law applicable to the matter.

Upon the record as a whole, we find that the entry of the involved merchandise at values less than those found upon final appraisement was without intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise The petition is therefore granted. Judgment will be rendered accordingly.